IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JAELAND WEBB, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 25-00219-BAH |
| KAYLA PALMER ET AL., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Jaeland Webb ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which will be granted. On March 21, 2025, Plaintiff filed an amended complaint, which was marked as deficient due to the absence of a signature. Plaintiff corrected the complaint on March 28, 2025. ECF 6.

Because Plaintiff has not paid the filing fee, Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented"). Here, the complaint is deficient in several ways as outlined below. Plaintiff shall be afforded an opportunity to amend the complaint to correct the defects.

As an initial matter, Plaintiff indicated that the basis for federal court jurisdiction is federal question jurisdiction; however, Plaintiff failed to list a specific federal statute, federal treaty, and/or provisions of the United States Constitution that are at issue in this case. In the second amended complaint, Plaintiff must identify the basis for federal court jurisdiction.

Additionally, Plaintiff's complaint states only that his rights have been violated "[f]rom mail threats of taken my income taxes" and "extortion [] to pay into a contract that [Plaintiff] never agreed to." ECF 4, at 6. These allegations are insufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Plaintiff must provide additional, specific factual allegations to plausibly state a claim upon which relief can be granted.

As currently fashioned, the amended complaint does not state a plausible claim for relief against any Defendant given the sparse facts offered by Plaintiff. Plaintiff will be permitted one additional opportunity to amend his complaint to identify a cause of action, identify the basis for federal court jurisdiction, and supplement his existing allegations to state a claim upon which relief can be granted.

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim. *See Webb v. EPA*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise

respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).  The Court will permit Plaintiff one additional opportunity to amend his complaint.  Plaintiff is forewarned that if a second amended complaint is not timely filed, the case will be dismissed without further warning.

Accordingly, it is this 31 day of March, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff is GRANTED twenty-one (21) days from the date of this order to file a second amended complaint as directed above;

2. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff, along with a copy of the original and amended complaint;

3. The Motion for Leave to Proceed in forma pauperis, ECF 2, is GRANTED;

4. Plaintiff is FOREWARNED that:

    a. The second amended complaint must meet the directions of this Order, or the second amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and

    b. If the second amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice.

    c. Plaintiff must keep an updated address on file with the Clerk or risk dismissal of this action pursuant to Local Rule 102.1(b)(iii)

Dated: March 31, 2025                                          /s/
                                                    Brendan A. Hurson
                                                    United States District Judge